UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN LYNN JEFFRIES, | ) | 1:10-cv—02068-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER TRANSFERRING ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| L. S. McEWEN, et al., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition reflects that Petitioner is incarcerated at Calipatria State Prison in Calipatria, California. (Pet. 1.) Petitioner is thus incarcerated within the Southern District of California.

Petitioner challenges findings resulting from a prison disciplinary proceeding that appears to have occurred while Petitioner was incarcerated at the Calipatria State Prison, which

1

1 is located within the Southern District of California.

2     Title 28 U.S.C. § 2241(d) provides as follows which respect
3 to venue, jurisdiction, and transfer in a habeas proceeding
4 pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus
> is made by a person in custody under the judgment
> and sentence of a State court of a State which
> contains two or more Federal judicial districts,
> the application may be filed in the district court
> for the district wherein such person is in custody
> or in the district court for the district
> within which the State court was held which
> convicted and sentenced him and each of such
> district courts shall have concurrent jurisdiction
> to entertain the application. The district court
> for the district wherein such application is filed
> in the exercise of its discretion and in furtherance
> of justice may transfer the application to the
> other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

    Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2

Title 28 U.S.C. § 1631 provides that if a civil action is filed in a court that lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Here, the petition concerns not the propriety of Petitioner's conviction or sentence, but rather the execution of his sentence. Nevertheless, the Court's jurisdiction is not clear: unless Petitioner was convicted in a state court that is situated within the Eastern District of California, the Court does not have jurisdiction over the controversy. However, even if the Court does have jurisdiction, the petition concerns execution of Petitioner's sentence. Normally, the Southern District, as the district in which the Petitioner is confined, would be the appropriate venue for the action to proceed. Instead of delaying the determination of the Court's jurisdiction, the Court finds that the interests of justice would be served by transferring the petition to the district of Petitioner's confinement. Such a transfer would be appropriate pursuant to 28 U.S.C. § 1406(a) and 2241(d) if Petitioner's state court conviction was sustained in a court located within this district, or pursuant to 28 U.S.C. § 1631 if this Court lacked jurisdiction because Petitioner's state court conviction was not sustained in a court located within the Eastern District.

The Court will not rule on Petitioner's application to

3

1 proceed in forma pauperis.
2     Accordingly, it is ORDERED that the petition be transferred
3 to the United States District Court for the Southern District of
4 California. IT IS SO ORDERED.

5 **Dated: November 15, 2010**         /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE