# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN LYNN JEFFERIES,<br><br>                              Petitioner,<br>   vs.<br><br>L.S. McEWEN, WARDEN<br><br>                              Respondent. | CASE NO. 10cv2379-MMA (MDD)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS |

Respondents' motion to dismiss the Petition for Writ of Habeas Corpus has been referred to Magistrate Judge Dembin pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons set forth herein, it is recommended that Respondent's motion be **GRANTED.**

**I.    PROCEDURAL HISTORY**

Allen Lynn Jefferies, (hereinafter "Petitioner" or "Jefferies") is a state prisoner currently incarcerated at the California Department of Corrections and Rehabilitation in Calipatria, California. Petitioner, proceeding *pro se,* filed a Petition for Writ of Habeas Corpus on November 8, 2010. (Doc. No. 1). On, November 30, 2010, United States District Judge Michael M. Anello, issued an order dismissing the case without prejudice for failing to state a cognizable federal claim. (Doc. No. 6). On December 15, 2010, Petitioner filed a First Amended Petition ("FAP"). (Doc. No. 7). On April 11, 2011, Respondent moved to dismiss the Petition because it was

improperly brought before the court. (Doc. No. 14). Respondent claims that Petitioner's allegations should be brought, if at all, as a civil rights action. Id. On May 10, 2011, Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus. (Doc. No. 16).

## II. STATEMENT OF THE FACTS

Petitioner is serving an indeterminate sentence of fifteen years to life in prison after his conviction for second-degree murder. (Doc. No. 14).

On January 9, 2010, Petitioner received a disciplinary Rules Violation Report for failure to follow procedure after a Correctional Officer found a shirt hung over a light in Petitioner's cell. (Doc. No. 14). On February 11, 2010, Petitioner was found guilty of the rules violation. Id. This resulted in Petitioner losing thirty days of phone privileges and ten days of yard privileges. Id. Petitioner alleges that the reporting officer failed to investigate properly and filed a false report. Id. Petitioner also alleges that prison procedures called for such violations to be reduced from serious rules violations ("115s") to disciplinary infractions ("128s"), but that prison officials refused to do so for African American inmates, in violation of the Equal Protection Clause. Id. Petitioner also implies that being improperly found guilty of a rules violation will negatively impact his ability to be released on parole. Id.

Petitioner administratively appealed the disciplinary ruling. Id. After being denied at the first appellate level, Petitioner appealed to the second, and final, level of review and was denied on April 30, 2010. Id. Petitioner filed habeas corpus petitions raising the same claims in the California superior court, appellate court, and Supreme Court. Id. All were denied, then Petitioner filed the instant federal Petition. Id.

///
///
///
///
///
///

### III. DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). A state inmate may seek federal habeas relief only on the grounds that he is "in custody in violation of the Constitution or laws or treaties of the Unites States." 28 U.S.C. § 2254(a). The essence of § 2254 "is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In contrast, a civil rights action, under 42 U.S.C. §1983, "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." Id. at 499. In Preiser, the Supreme Court held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] Id. at 500.

The Ninth Circuit has determined that "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id.

In Ramirez, the plaintiff appealed the district court's dismissal of his § 1983 complaint challenging prison disciplinary procedures as barred by the "favorable termination rule" established in Heck v. Humphrey, 512 U.S. 477 (1994). Ramirez, 334 F.3d at 852. The complaint sought to expunge all references to the disciplinary charge and to prohibit the State from considering any reference to the charge when evaluating the plaintiff for parole. Id. at 859 n. 6. The appellate court reversed, finding that "the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction,

---

[1] The Court specifically withheld decision on whether a habeas petition was an appropriate alternative remedy for a Petitioner who contends that the conditions of confinement, not the fact or duration of confinement, violate federal law. Preiser 411 U.S. at 500 (stating that "[W]e need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under s 1983.).

sentence, or administrative sanction that affected the length of the prisoner's confinement." Id. at 856. Because Ramirez's action, if successful, would not shorten the length of his confinement, the appellate court determined that his challenge to the prison disciplinary procedures did not "intrude upon the 'heart' of habeas jurisdiction" and was properly brought under § 1983. Id. at 858-59.

However, in Docken v. Chase, the Ninth Circuit considered whether a prisoner's claim of a right to annual review of his suitability for parole was cognizable under § 2254 or whether it needed to be brought as a § 1983 claim. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). At the time, Docken was in the custody of the State of Montana, and was only allowed parole review every five years. The district court had concluded that Docken's claims could only be brought under § 1983. The Ninth Circuit, finding that habeas and § 1983 relief are not mutually exclusive, reversed, and held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." Id. at 1031. The court, quoting from its decision in Bostic v. Carlson, explained that claims that are "likely to accelerate the prisoner's eligibility for parole" bear a sufficient nexus to the length of imprisonment so as to serve as the subject of a habeas petition. Id. (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). Because an annual parole hearing would increase the potential likelihood of early release, in comparison to only being allowed a hearing every fifth year, the court held that Docken's ability to have an annual parole hearing bore a sufficient nexus to the length of his imprisonment. Id. Therefore, a habeas petition was appropriate. See id. The court did not determine whether the relief sought by Docken was also available under § 1983. Docken, 393 F.3d at 1031.

Here, because Petitioner is not "seek[ing] only equitable relief in challenging aspects of [his] parole review," Docken is distinguishable. See Docken, 393 F.3d at 1031; see also, Thomas v. Wong, 2010 WL 1233909, at 3 (N.D. Cal. 2010) (distinguishing Docken on same basis). Petitioner does not directly challenge his parole review at all. Rather, Petitioner's claims are similar to those raised in Ramirez. See Ramirez, 334 F.3d at 859. As in Ramirez, Petitioner challenges prison disciplinary proceedings, not the fact or duration of his confinement. Id. Also,

1  like Ramirez, if Petitioner were to succeed on his claims, it would not shorten the length of his
2  confinement. Id. Petitioner was not assessed any loss of good-time credits and thus the length of
3  his imprisonment was not affected by the disciplinary finding. In short, habeas jurisdiction is
4  absent in this case because, even if Petitioner was successful in challenging the disciplinary
5  charge, his sentence would not necessarily be shortened. See id.

6  While Petitioner contends that his parole eligibility could be affected by the disciplinary
7  charge, this is merely speculative. Petitioner has made no showing that expungement of the
8  disciplinary finding from his record would be "likely to accelerate" his eligibility for parole.
9  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). "The decision to release a prisoner rests
10 on a myriad of considerations." Sandin v. Conner, 515 U.S. 472, 487 (1995). Like Ramirez, even
11 if Petitioner successfully challenged the disciplinary proceeding, "the parole board will still have
12 the authority to deny his request for parole on the basis of any of the grounds presently available to
13 it in evaluating such a request." Ramirez, 334 F.3d at 859 (citation and internal modifications
14 omitted). The speculative impact of the disciplinary proceedings on any future parole
15 considerations is inadequate to serve as the basis for a habeas corpus petition. See Richardson v.
16 Yates, 2011 WL 2148704 (9th Cir. 2011); Santibanez v. Marshall, 2009 WL 1873044, at 7
17 (C.D.Cal.2009).

18 For the foregoing reasons, Petitioner's claims are not cognizable on federal habeas review
19 and instead must be raised, if at all, under § 1983. The Court accordingly recommends that the
20 Petition be dismissed without prejudice.

21 **IV.     Conclusion and Recommendation**

22 The Court hereby recommends that Respondents' Motion to Dismiss the Petition be
23 **GRANTED**, and the Petition be **DISMISSED WITHOUT PREJUDICE**.

24 This report and recommendation will be submitted to the United States District Judge
25 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may
26 file written objections with the Court and serve a copy on all parties by **August 31, 2011**. The
27 document shall be captioned "Objections to Report and Recommendation." Any reply to the
28 objections shall be served and filed by **September 7, 2011.**

1       The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: August 9, 2011

                                      Hon. Mitchell D. Dembin
                                      U.S. Magistrate Judge